IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BLACK PEARL TECHNOLOGIES, LLC, a Utah limited liability company;<br><br>        Plaintiff,<br><br>vs.<br><br>3502031 CANADA INC., a Canadian corporation carrying business under the firm name K & L CABLE, and JOHN DOES 1-10;<br><br>        Defendants.<br><br>_____<br><br>3502031 CANADA INC., a Canadian corporation carrying business under the firm name K & L CABLE;<br><br>        Counter-claimant,<br><br>vs.<br><br>BLACK PEARL TECHNOLOGIES, LLC, a Utah limited liability company,<br><br>        Counter-defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:06CV285DAK |

      This matter is before the court on Plaintiff Black Pearl Technologies, LLC's ("Black Pearl") Motion to Dismiss Counterclaims Pursuant to Rule 12(B)(6) and Alternative Motion for

More Definite Statement of Allegations Pursuant to Rule 12(E), Motion for Preliminary Injunction, and Motion to Enforce Settlement Agreement.  The court held a hearing on the motions on March 9, 2007.  At the hearing, Randall B. Bateman represented Plaintiff. Wesley M. Lang represented Defendant 3502031 Canada Inc., a Canadian corporation carrying business under the firm name K & L Cable ("K & L").  After a careful review of all the memoranda and exhibits submitted by the parties, argument at the hearing, and the law and facts relevant to these motions, the court enters the following Memorandum Decision and Order.

## I.  BACKGROUND

This case arises under federal and state trademark and unfair competition laws.  *See* 15 U.S.C. § 1125(a); Utah Code Ann. § 13-5-1, *et seq.*; Utah Code Ann. § 13-5(a)-101, *et seq*.  Black Pearl sells and installs radiant heating systems in the United States under the marks WARMZONE and WARMZONE.COM.  K&L sells and installs radiant heating systems in Canada under the registered mark WARM ZONE (and for a very brief time in the United States under the same name).  Both parties acknowledge the likelihood of confusion created by the online sales of radiant heating systems under the WARMZONE and WARMZONE.COM marks versus WARM ZONE and WARMZONE.NET marks.  As a result Black Pearl sued for trademark infringement, cybersquatting, unfair competition, unfair trade practices, and for injunctive relief.  K&L counterclaimed for similar causes of action.[1]

---

[1] The parties also have an opposition proceeding pending before the Trademark Trial and Appeal Board (Opposition No. 91171701).

2

From October through December 2006, the parties actively tried to resolve their dispute. On October 30, 2006, K&L orally proposed settlement on the following terms: (1) dismissal of the case; (2) the parties to provide mutual releases; (3) Black Pearl to cease use of the WARM ZONE mark in Canada and K&L to cease use of the WARMZONE mark in the U.S.; and (4) K&L's transfer of the WARMZONE.NET domain name to Black Pearl, (collectively referred to as the "Material Terms").  Upon request, K&L memorialized this proposal on November 8, 2006 (the "Settlement Agreement").  During the next few weeks, the parties exchanged drafts of the Settlement Agreement without significant change to any of the Material Terms.  On November 15, 2006, Black Pearl added a term requiring the transfer of the WARMZONE.NET domain name within two weeks of the execution of the Settlement Agreement.  K&L apparently objected to the insertion of this term and ceased settlement discussions.  K&L now claims the addition of the two week term constituted a material change to the Settlement Agreement.  Black Pearl moved to enforce the Settlement Agreement.

## II.  DISCUSSION

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993).  Issues involving the formation, construction and enforceability of a settlement agreement are resolved by applying state contract law.  *See Central Kan. Credit Union v. Mutual Guar. Corp.*, 886 F. Supp. 1529, 1537 n.2 (D. Kan. 1995).  Under Utah law, oral agreements must contain sufficiently definite terms to be enforced and courts should consider "all preliminary negotiations, offers, and counteroffers and interpret the various expressions of

3

the parties for the purpose of whether the parties reached agreement on complete and definite terms." *In re Estate of Flake*, 71 P.3d 589, 598 (Utah 2003).  The oral Settlement Agreement, which K&L proposed and then later reduced to a writing embodying the same terms, contains sufficiently definite terms to be enforced.  There were no significant changes to any of the Material Terms during the parties' negotiations.

K&L claims, however, that Black Pearl's addition of a term designating the period of time for performance was a material change to the Settlement Agreement and constituted a counter-offer.  *See Cal Wadsworth Const. v. City of St. George*, 889 P.2d 1372, 1378 (Utah 1995) (explaining where an offeree's response to an offer contains different terms from those of the offer, the response is not an acceptance but rather, constitutes a counter-offer).  In this instance, merely specifying the time for performance of one of the Material Terms, as proposed by K&L, did not constitute a counter-offer.  Nor did proposing a time for performance, in this instance, fundamentally change the Material Terms of the Settlement Agreement.  Because both parties were represented by counsel during negotiation of the Material Terms contained in both the oral, and then written, Settlement Agreement, the court believes that the Material Terms are sufficiently definite to find a valid agreement between the parties.  *See Flake*, 71 P.3d at 598.  An order enforcing the Settlement Agreement is appropriate.  *See Hardage,* 982 F.2d at 1496.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Enforce Settlement Agreement is GRANTED.  The court finds that the parties settled on the terms set forth in the Settlement Agreement. [Docket 14-2, Exh. A].  It is ORDERED that K&L shall

immediately cease use of the mark WARM ZONE in the United States and shall immediately transfer and assign the domain name WARMZONE.NET to Black Pearl.  Based on the court's ruling on the Motion to Enforce Settlement Agreement, Plaintiff's Motion for Preliminary Injunction and Motion to Dismiss Counterclaims Pursuant to Rule 12(B)(6) and Alternative Motion for More Definite Statement of Allegations Pursuant to Rule 12(E) are moot and are therefore DENIED.

DATED this 15th day of March, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge